CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 03 2018
JULIA C. DUDLEY, CLERK
BY: /s/ H McDonea
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LESTER EUGENE BOWLES, Plaintiff, | ) ) ) | Civil Action No. 7:17-cv-00442 |
| v. | ) ) | MEMORANDUM OPINION |
| DR. STEVE HERRICK, et al., Defendants. | ) ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |

Lester Eugene Bowles, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. Plaintiff names various staff of the Virginia Department of Corrections ("VDOC") and at the River North Correctional Center ("RNCC") as defendants. Plaintiff generally alleges that the medical care he has received at RNCC violates the Eighth Amendment of the United States Constitution. Defendants filed a motion to dismiss, and Plaintiff responded, making this matter ripe for disposition. After reviewing Plaintiff's submissions, I grant Defendants' motion to dismiss.

I.

Plaintiff presents three claims in the complaint. For the first claim, Plaintiff complains that his medical files were not updated until more than a month after arriving at RNCC although VDOC policy requires the files to be updated "upon arrival." For the second claim, Plaintiff cryptically asserts that he has receipts for orthopedic boots and tennis shoes that had been approved by VDOC staff and purchased from an approved vendor. For the third claim, Plaintiff complains that "they" refused to refer him to a foot doctor to receive new insoles, "they" sold him a pair "medical shoes" that were merely "tennis shoes," "they" took away his shoes and "never took the money out of [his] account," and that these circumstances "caused [him] feet

problems as a diabetic." Plaintiff requests $100,000, a referral to a foot doctor, and staffing changes.

Liberally construed, Plaintiff also presents claims in a letter enclosed with the complaint. Plaintiff complains that it took him eighteen months to receive sealed distilled water by the gallon for his CPAP machine and that CPAP machine parts that are supposed to be changed frequently. Plaintiff also complains that he has been told he will not receive a diabetic snack bag unless he consumes a diabetic meal tray. Plaintiff further complains he has trouble getting "denture tablets" and "adhesive things" for his dry skin.

## II.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

problems as a diabetic." Plaintiff requests $100,000, a referral to a foot doctor, and staffing changes.

Liberally construed, Plaintiff also presents claims in a letter enclosed with the complaint. Plaintiff complains that it took him eighteen months to receive sealed distilled water by the gallon for his CPAP machine and that CPAP machine parts that are supposed to be changed frequently. Plaintiff also complains that he has been told he will not receive a diabetic snack bag unless he consumes a diabetic meal tray. Plaintiff further complains he has trouble getting "denture tablets" and "adhesive things" for his dry skin.

## II.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

I grant Defendants' motion to dismiss because Plaintiff's submissions fail to present a plausible violation of a federal right committed by a defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must show direct personal involvement by each particular defendant. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Plaintiff has not specifically identified a defendant's alleged unlawful misconduct. Plaintiff's submissions present no more than a "sheer possibility" that a defendant acted unlawfully, and they fail to give "fair notice" of claims "and the grounds upon which [they] rest[]." See, e.g., Twombly, 550 U.S. at 555. Moreover, Defendants cannot be liable via respondeat superior for any alleged act or omission by a subordinate. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978). Because the barebones allegations do not contain sufficient facts to draw a reasonable inference that a defendant is liable for any misconduct, the Plaintiff has not stated a plausible claim to relief. See Pena v. Garder, 976 F.2d 469, 471 (9th Cir. 1992) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). Accordingly, Defendants' motion to dismiss is granted.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

## III.

For the foregoing reasons, I grant Defendants' motion to dismiss.

**ENTER**: This 3rd day of ~~June~~ July, 2018.

_____
Senior United States District Judge